IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMANDA M. PALMER                                                                                    PLAINTIFF

vs.                                               Civil No. 2:25-cv-02003

FRANK BISIGNANO,                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Amanda M. Palmer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her disability application on December 18, 2020. (Tr. 262-268).[1] In her application, Plaintiff alleges being disabled due to left shoulder issues and depression. (Tr. 332). Plaintiff alleged an onset date of January 23, 2018, which was later amended to July 18, 2019. (Tr. 47). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

1

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 171-192). The ALJ held a hearing on August 25, 2022 (Tr. 81-119), and on November 2, 2022, the ALJ issued an unfavorable decision. (Tr. 47-60). After Plaintiff's request for review was denied by the Appeals Council (Tr. 1-5), she filed an appeal with this Court. (Tr. 1953-1954). This case was remanded to the agency for further proceedings and a new decision. (Tr. 1955-1957).

Following remand, a second hearing was held on October 17, 2024. (Tr. 1874-1922). At this hearing, Plaintiff was present and represented by Fred Caddell. *Id.* Plaintiff and Vocational Expert ("VE"), Diane Smith testified at the hearing. *Id*.

Following the administrative hearing, on November 19, 2024, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 1850-1864). The ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2028. (Tr. 1852, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 18, 2019. (Tr. 1852, Finding 2).

The ALJ then determined Plaintiff had the severe impairment of left shoulder joint disorder, right shoulder joint disorder, spine disorder, and plantar fasciitis. (Tr. 1853, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1855, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 1856, Finding 5). Specifically, the ALJ found Plaintiff retained the RFC to perform light work except she was limited to standing four hours and sitting four hours in an eight-hour workday; could occasionally climb, stoop, crouch, kneel, and

2

crawl; but could not perform overhead reaching with her dominant shoulder/arm; limited to occasionally reaching and handling with the dominant hand/arm, and limited to frequent but not constant repetitive reaching and handling with the non-dominant hand/arm. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 1862, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 1862, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) furniture rental clerk with approximately 4,400 jobs in the nation, (2) bakery line worker with approximately 6,400 jobs in the nation, and (3) counter clerk with approximately 38,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from July 18, 2019, through the date of the decision. (Tr. 1863, Finding 11).

On January 21, 2025, Plaintiff appealed her administrative case to this Court. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 6. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 10, 12.

**2.** **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff argues the ALJ erred (1) in the RFC determination, (2) in failing to properly evaluate the severity of Plaintiff's impairments, (3) in failing to properly evaluate Plaintiff's subjective complaints, and (4) in the Step 5 evaluation. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th  day of October 2025.**

/s/ *Spencer G. Singleton*
HONORABLE. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE